UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

JOE ORTIZ,

Defendant.

16-CR-439 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received an application on behalf of defendant Joe Ortiz seeking his compassionate release from Federal Correctional Institution ("FCI") Schuylkill pursuant to 18 U.S.C. § 3582(c), in light of the risk that the COVID-19 pandemic presents for inmates. *See* Dkts. 78 ("Def. Ltr.") at 2–4, 80 ("Def. Mem.").

On August 29, 2017, following Ortiz's May 2, 2017 guilty plea to one count of conspiracy to commit Hobbs Act robbery, the Court sentenced Ortiz to a below-Guidelines sentence of 84 months' imprisonment. *See* Dkt. 73 ("Sent. Tr.") at 2, 28; Dkt. 83 ("Gov't Mem.") at 2. The Government projects Ortiz's release date, with good behavior, will be May 12, 2022. *See id*. As of today, then, Ortiz has about 23 months remaining in his sentence. *See id*.

On May 18, 2020, Ortiz filed a request for compassionate release with the warden of FCI Schuylkill. *See* Gov't Mem., Ex. A. On June 9, 2020, the warden denied Ortiz's request. *See id*. Since that time, the 30-day period for administrative review by the Bureau of Prisons ("BOP") for Ortiz's application has expired. On June 18, 2020, the Court received a letter from Ortiz, seeking his release in light of the COVID-19 pandemic. *See* Def. Ltr. The Court directed Ortiz's trial counsel to file a letter in support of that application and the Government, thereafter, to submit a

letter setting forth its position. *See* Def. Ltr. at 1. On June 23, 2020, Ortiz's counsel filed a memorandum in support. *See* Def. Mem. On June 29, 2020, the Government filed its response. *See* Gov't Mem. That same day, Ortiz's counsel filed a supplemental letter in support of his motion. *See* Dkt. 82 ("Def. Supp. Mem.").

Ortiz asks the Court to grant him compassionate release. Def. Mem. at 1. Ortiz, who is age 49, argues he should be released because of the risk COVID-19 poses to him. *See id.*; *see also* Def. Ltr. at 2–3. Specifically, Ortiz suffers from obesity and asserts that, as a result, he is at a heightened risk of contracting severe or fatal COVID-19. Def. Mem. at 1. He also suffered from hypertension when he was younger and fears the hypertension may have returned. Def. Supp. Mem. at 1. The Government opposes Ortiz's early release. *See* Gov't Mem. at 1. It argues that Ortiz's motion should be denied because he has not demonstrated extraordinary and compelling reasons for his release, he is a danger to the community, and the § 3553(a) factors do not support his release. *See id.* at 5–10.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (quoting 28 U.S.C. § 994(t)). Relevant here,

the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[1]  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The defendant must also not be a danger to the community and the reduction must be consistent with the Commission's policy statement.  *Id.* § 1B1.13(2)–(3).

The first of these factors favors, to a degree, Ortiz's early release.  The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation.  It presents a clear and present danger to free society for reasons that need no elaboration.  COVID-19 presents a heightened risk for incarcerated defendants like Ortiz with obesity.  The Centers for Disease Control ("CDC") warns that persons with obesity[2]—defined as a body mass index ("BMI") of 30 or higher—have an elevated risk of serious illness if they contract the disease.  Further, the crowded nature of federal detention centers presents an outsize risk that the COVID-19

---

[1] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts.  *See Ebbers*, 432 F. Supp. 3d at 422–23, 427.

[2] *See People of Any Age with Underlying Medical Conditions*, Ctrs. for Disease Control and Prevention (Mar. 17, 2020, updated June 25, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

contagion, once it gains entry, will spread.[3]  And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself.  For these reasons, in the past months, numerous courts, including this one, have ordered the temporary release of inmates held in pretrial or presentencing custody[4] and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences.[5]

---

[3] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (Mar. 30, 2020, updated May 20, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, --- F. Supp. 3d ---, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020) (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

[4] *See, e.g.*, *United States v. Chandler*, --- F. Supp. 3d ---, No. 19 Cr. 867 (PAC), 2020 WL 1528120, at *1–3 (S.D.N.Y. Mar. 31, 2020) (granting bail application, pursuant to 18 U.S.C. § 3142(i), of defendant charged with being a felon in possession of a firearm); *United States v. McKenzie*, --- F. Supp. 3d ---, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Witter*, No. 19 Cr. 568 (SHS), Dkt. 40 at 2–3 (S.D.N.Y. Mar. 26, 2020) (granting bond pending sentencing, pursuant to § 3145(c), to defendant who had pleaded to a narcotics offense); *cf. United States v. Stephens*, --- F. Supp. 3d ---, No. 15 Cr. 95, 2020 WL 1295155 (AJN), at *3 (S.D.N.Y. Mar. 19, 2020) (granting defendant's request for reconsideration of bail conditions and releasing him to home confinement, while noting that, in the alternative, § 3142(i) would necessitate his temporary release).

[5] *See, e.g.*, *United States v. Davies*, No. 18 Cr. 390 (PAE), Dkt. 479 at 4–7 (S.D.N.Y. June 26, 2020) (ordering compassionate release of elderly defendant, who had serious medical conditions and played low-level role in drug trafficking conspiracy); *United States v. Brown*, No. 18 Cr. 390 (PAE), Dkt. 472 at 4–7 (S.D.N.Y. June 17, 2020) (same); *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 at 2–4 (S.D.N.Y. April 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a four-month sentence); *United States v. Hernandez*, --- F. Supp. 3d ---, No. 18 Cr. 834 (PAE), 2020 WL 1684062, at *3 (S.D.N.Y. April 2, 2020) (ordering compassionate release of defendant with asthma who had served 17 months of a 24-month sentence, was scheduled for release in four months, and was not a danger to the public).

At the same time, Ortiz's claim of heightened risk must be considered in context. First, while Ortiz's obesity undoubtedly presents risks related to COVID-19, his most recent medical records, as the Government notes, reflect a BMI between 24.0 and 24.9—below the BMI level of 30, which the CDC warns presents a high risk. *See* Gov't Mem. at 6. Second, as the Government notes, Ortiz's medical records do not provide any indication that his hypertension has returned. *Id.* at 6 n.3. Indeed, Ortiz is relatively young and does not appear to have other health conditions that compound that risk.[6] And third, FCI Schuylkill currently has no active cases of COVID-19. *Id.* at 7.

Nevertheless, even assuming Ortiz's high-risk status and viewing this factor in his favor, a reduction in his sentence is not supported under the § 3553(a) factors for two independent reasons.

First, the Court cannot find that Ortiz "is not a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), as is required for compassionate release. Ortiz's conduct gravely endangered public safety. He participated actively in four serious acts of assault and violence—including a stabbing—spanning the period of 1998 through 2007 and also conspired to distribute heroin. *See* Sent. Tr. at 7–8; Gov't Mem. at 1–2. His record reflects, as the Court noted at sentencing, an appetite for and a repeated capacity to use "terrible violence." Sent. Tr. at 22. And Ortiz engaged in the offense conduct in this case undeterred by his

---

[6] *See, e.g.*, *United States v. Hernandez*, No. 19 Cr. 169 (VM), 2020 WL 1503106, at *1 (S.D.N.Y. Mar. 30, 2020) (granting bail application, pursuant to § 3142(i), of 64-year-old defendant with asthma and high blood pressure that placed him "at a substantially heightened risk of dangerous complications should he contract COVID-19"); *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (same for 65-year-old defendant with COPD, in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19").

substantial criminal record, which entailed narcotics, assault, and aggravated assault convictions. *Id.* at 23–24. For these reasons, at sentencing, the Court stated that "[Ortiz's] track record gives me no confidence, if [he] were released from prison anytime soon, [he] wouldn't return to crime." *Id.* at 23. Having so found, the Court cannot today find that Ortiz's release would be compatible with public safety.

Independently, the Court further cannot find that the application of the § 3553(a) factors favors Ortiz's release after service, with good behavior, of approximately 70% of his sentence. To be sure, one § 3553(a) factor weighs more heavily in Ortiz's favor today than at the time of sentencing: "the need to provide the defendant with needed . . . medical care." 18 U.S.C. § 3553(a). This factor favors a shorter sentence than imposed given the risk that the COVID-19 pandemic presents to Ortiz as obese. But the Court cannot comfortably find that a sentence reduction on the order that Ortiz seeks would result in a sentence commensurate with the interest in just punishment in light of the gravity of his crimes, the interest in public protection, or the interest in specific deterrence. For the reasons discussed in detail at Ortiz's sentencing, a sentence in the range of 84 months' imprisonment was necessary to achieve those goals, viewed in combination. Notably, the 84 months' sentence that the Court imposed reflected a significant downward variance from the advisory guideline range which was between 151 and 188 months. Sent. Tr. at 5. Converting this to an approximately 49-month sentence, as Ortiz's request contemplates, in the Court's judgment, would disserve these important § 3553(a) factors.

In this respect, Ortiz's circumstances are distinct from those of several defendants with medical ailments whose compassionate release the Court has granted in recent months in recognition of the changed circumstances presented by COVID-19. These defendants had served a greater proportion of their sentences, such that the Court found the sentence resulting from a

grant of compassionate release consistent with the § 3553(a) factors.  *See, e.g.*, *United States v. Knox*, No. 15 Cr. 445 (PAE), Dkt. 1088 (S.D.N.Y. April 10, 2020) (ordering compassionate release of defendant who has served all but seven months of an 88-month sentence); *Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (ordering compassionate release of defendant who had served all but 34 days of a four-month sentence); *Hernandez*, 2020 WL 1684062, at *3 (ordering compassionate release of a defendant who had served 17 months of a 24-month sentence and was scheduled for release in four months).  That is not so here.

Accordingly, finding that Ortiz continues to pose a danger to the community and that the § 3553(a) factors considered in combination do not support a reduction of sentence, the Court denies Ortiz's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  This application is without prejudice to Ortiz's ability to seek compassionate release later in his prison term.

SO ORDERED.

                                                            *Paul A. Engelmayer*
                                                            PAUL A. ENGELMAYER
                                                            United States District Judge

Dated: July 6, 2020
       New York, New York